## BARRICK et al. v. SOUTH CHICAGO COAL & DOCK CO.

### No. 8654.

Circuit Court of Appeals, Seventh Circuit.

June 23, 1945.

Joseph B. Fleming, of Chicago, Ill. (Edward C. Caldwell, of Chicago, Ill., of counsel), for appellant.

Hymen S. Gratch, Edwin A. Halligan, and Samuel M. Lanoff, all of Chicago, Ill., for appellees.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from a judgment in favor of plaintiffs in an action to recover overtime compensation under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. No question is raised but that the plaintiffs were engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of Sec. 7(a) of the Act, as found and concluded by the District Court. In fact, the only ground urged for reversal is that the court erred in its finding and conclusion that the plaintiffs were not engaged by the defendant in a "local retailing capacity," and that the defendant is not a "retail or service establishment" within the meaning of Sec. 13(a) (1) and (2) of the Act.

In view of the single issue raised on this appeal, only a brief statement of the facts as found by the District Court is required. Defendant is an Illinois corporation engaged in the coal, coke and stevedoring business, with a downtown office at 222 West Adams Street, an office and coal yard at 3700 Milwaukee Avenue, and an office, coal yard and dock at 3434 East 95th Street, all in the city of Chicago. Only the last mentioned place of business is involved in this controversy. The defendant does a gross business averaging two million dollars per year. 90% of the products handled by defendant are produced and transported to defendant from outside the state of Illinois, approximately 80% of these products arriving by boat and 20% by railroad.

The plaintiffs were employed at 3434 East 95th Street by the defendant to operate and maintain a bridge crane. A bridge crane is used for loading and unloading railway cars, trucks and boats. The plaintiffs, in the operation of the crane, unloaded products received by defendant from boats, barges and freight cars from points outside the state of Illinois. Some of the shipments were unloaded onto the dock of the defendant company and stored; others were reloaded by plaintiffs directly into boats destined for commerce into other parts of the United States. 21.88% of the dollar sales of defendant's business consisted of the sale of bunker fuel to steamers engaged in commerce among the states. 13.27% of the tonnage sales consisted of the operation of its business of stevedoring. 21.59% of the total dollar sales in defendant's business consisted of commercial sales to large office buildings, industrial plants and apartment buildings. 4.38% of defendant's dollar sales is to dealers for the purpose of resale. 1% of defendant's dollar sales is to the Youngstown Sheet and Tube Company. About 25% of all the tonnage handled by the company is sold directly from the mine to defendant's customers at wholesale.

Defendant has an arrangement with Sears, Roebuck & Company, whereby it takes orders for coal from Sears' thirteen stores in Cook County and one in Hammond, Indiana, and makes deliveries in its trucks to the places as directed by Sears. Sears receives a commission on each sale thus made. Defendant also manufactures and processes coal blocks which are distributed in Illinois and Indiana.

No further statement of the facts is required to show that under the recent decision of this court in Walling, Administrator v. Consumers Company, 149 F.2d 626, defendant's contention that it is a retail establishment and therefore exempt under Sec. 13(a) (2) must be denied. Our reasoning in that case need not be here repeated. We think there is no merit in defendant's attempt to distinguish the instant case on the facts. Furthermore, the soundness of that decision has been reinforced by the subsequent decision of the Supreme Court in A. H. Phillips, Inc., v. Walling, Administrator, 65 S.Ct. 807, 810. In construing Sec. 13(a) (2) the court stated:

"Congress was interested in exempting those regularly engaged in local retailing activities and those employed by small local retail establishments, epitomized by the corner grocery, the drug store and the department store. It felt that retail concerns of this nature do not sufficiently influence the stream of interstate commerce to warrant imposing the wage and hour requirements on them."

Nor is there any merit in defendant's contention that plaintiffs were engaged in a "local retailing capacity" within the meaning of Sec. 13(a) (1) of the Act. This section no doubt was designed to cover persons engaged in the actual sale of commodities and does not extend to employees whose work was entirely disconnected therewith. There is no proof in the instant case that the plaintiffs were engaged in such capacity a greater part of the time, in fact no proof that they were engaged in such capacity any of the time.

The judgment of the District Court is affirmed.